1  KELLEY DRYE & WARREN LLP
     Allison S. Brehm (STATE BAR NO. 224029)
2    Steven K. Yoda (STATE BAR NO. 237739)
   10100 Santa Monica Boulevard, Twenty-Third Floor
3  Los Angeles, California 90067-4008
   Telephone: (310) 712-6100
4  Facsimile: (310) 712-6199
   abrehm@kelleydrye.com
5  syoda@kelleydrye.com

6  Attorneys for Defendants Have Trunk
   Will Travel, Inc., Gary Johnson and Kari
7  Johnson

8              UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11  GAIL PROFANT, an individual;          CASE NO. 2:11-cv-05339-RGK-OP
    LESLIE HEMSTREET, an individual;,
12                                        Hon. R. Gary Klausner
               Plaintiffs,               United States District Judge
13
          v.                              **DEFENDANTS' MOTION TO**
14                                        **DISMISS PLAINTIFFS'**
    HAVE TRUNK WILL TRAVEL, INC.,         **COMPLAINT**
15  a corporation; GARY JOHNSON, an
    individual; KARI JOHNSON, an          [Fed.R.Civ.P. 12(b)(6)]
16  individual; and DOES 1-10,
                                          [*[Proposed] Order Filed Concurrently*
17             Defendants.                *Herewith*]

18                                        Date:   October 17, 2011
                                          Time:   9:00 a.m.
19                                        Crtrm.: 850

20

21

22

23

24

25

26

27

28

275731.7.doc

**TO THE COURT, THE PARTIES, AND THEIR COUNSEL:**

**PLEASE TAKE NOTICE** that, on October 17, 2011 at 9:00 a.m., or as soon thereafter as the parties may be heard, before the Honorable R. Gary Klausner, United States District Judge, Central District of California, in Courtroom 850, located at 255 East Temple Street, Los Angeles, CA 90012, Defendants Have Trunk Will Travel, Inc., Gary Johnson, and Kari Johnson (collectively, "Defendants") will, and hereby do, move to dismiss the Complaint of Plaintiffs Gail Profant and Leslie Hemstreet (collectively, "Plaintiffs") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs' claims for relief are defective as a matter of law.  First, Plaintiffs purport to bring their claims "solely in the public interest and/or on behalf of the general public."  (Compl. ¶ 81.)  However, such actions are prohibited under sections 17200 and 17500 of the California Business & Professions Code.

Second, Plaintiffs fail to allege any set of facts which would entitle them to either of the two remedies available under sections 17200 and 17500 *et seq.* (*i.e.*, restitution and injunctive relief).  In addition, Plaintiffs seeks compensatory damages and nonrestitutionary disgorgement of profits, which are not available under the statutes.  Plaintiffs also fail to meet any of the requirements in order to state a claim for declaratory relief.

Third, although Plaintiffs premise their sections 17200 and 17500 claims upon alleged fraudulent representations, they fail to plead their claims with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all pleadings and papers on file in this action, and any oral argument or documentary matters as may be presented to the Court at or before the hearing on this Motion.

/ / /

/ / /

1      This Motion is made following the conference of counsel pursuant to Local

2   Rule 7-3, which conference took place on September 7, 2011.

3

4   DATED:  September 15, 2011  KELLEY DRYE & WARREN LLP

             Allison S. Brehm

5                Steven K. Yoda

6

7

8           By /s/ Allison S. Brehm

9            Allison S. Brehm

         Attorneys for Defendants Have Trunk Will

10          Travel, Inc., Gary Johnson and Kari Johnson

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

275731.7.doc

1

## <u>**TABLE OF CONTENTS**</u>

2

<u>**Page**</u>

3

4    I.      INTRODUCTION .................................................................................... 1

5    II.     FACTUAL BACKGROUND ................................................................... 2

6            A.    Defendants' Business:  Feeding, Training, And Caring For
                   Elephants And Making Them Available For Public Appearances ........ 2

7
8            B.    Plaintiffs' Cause:  The Elimination Of The Use Of Elephants For
                   Entertainment .................................................................................... 3

9            C.    Plaintiffs Bring This Lawsuit "Solely In The Public Interest
                   And/Or On Behalf Of The General Public" ......................................... 3

10   III.    ARGUMENT ......................................................................................... 4

11           A.    Legal Standard................................................................................... 4

12           B.    Plaintiffs' Claims Should Be Dismissed Because They Are
13                 Impermissibly Brought "Solely" On Behalf Of The General
                   Public And Because Plaintiffs Did Not Use Defendants' Goods
14                 Or Services ......................................................................................... 5

15           C.    Plaintiffs' Claims Should Be Dismissed Because The Damages
                   And Relief They Seek Are Precluded As A Matter Of Law ................. 7

16                 1.    Plaintiffs Are Not Entitled To Compensatory Damages.............. 8

17
18                 2.    Plaintiffs Are Not Entitled To Nonrestitutionary
                         Disgorgement .................................................................... 8

19                 3.    Plaintiffs Are Not Entitled To "Restitution" ............................. 9

20                 4.    Plaintiffs Do Not Have Standing To Seek Injunctive Relief ..... 10

21                 5.    Plaintiffs Are Not Entitled To Declaratory Relief.................... 12

22           D.    Plaintiffs' Claims Should Be Dismissed Because They Are Not
                   Pled With Particularity .................................................................... 13

23
     IV.     CONCLUSION ................................................................................... 15
24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

## CASES

*Arias v. Super. Ct.,*
    46 Cal. 4th 969 (2009) ............................................................................... 6

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009) ............................................................................... 5

*Bank of the West v. Super. Ct.,*
    2 Cal. 4th 1254 (1992) ............................................................................... 8

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ........................................................................... 5, 12

*Bran v. Sun Pac. Farming Cooperative,*
    2007 WL 678494 (E.D. Cal. Mar. 1, 2007) .............................................. 8

*Californians for Disability Rights v. Mervyn's, LLC,*
    39 Cal. 4th 223 (2006) ............................................................................... 6

*Chern v. Bank of Am.,*
    15 Cal. 3d 866 (1976) ............................................................................... 8

*City of Los Angeles v. Lyons,*
    461 U.S. 95 (1983) ................................................................................. 10

*Day v. AT & T Corp.,*
    63 Cal. App. 4th 325 (1995) ..................................................................... 9

*De Jose v. EMC Mortg. Corp.,*
    2011 WL 1539656 (N.D. Cal. Apr. 18, 2011) .......................................... 7

*Deitz v. Comcast Corp.,*
    2006 WL 3782902 (N.D. Cal. Dec. 21, 2006) ................................. 11, 12

*Feitelberg v. Credit Suisse First Boston, LLC,*
    134 Cal. App. 4th 997 (2005) ................................................................... 9

*Fladeboe v. American Isuzu Motors Inc.,*
    150 Cal. App. 4th 42 (2007) ..................................................................... 8

*Freeman v. Time, Inc.,*
    68 F.3d 285 (9th Cir. 1995) ..................................................................... 7

*FTC v. Lights of Am., Inc.,*
    760 F. Supp. 2d 848 (C.D. Cal. 2010) .................................................... 13

*Gest v. Bradbury,*
    443 F.3d 1177 (9th Cir. 2006) ............................................................... 10

ii
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Hall v. Time Inc.*,
  158 Cal. App. 4th 847 (2008) ............................................................. 5

*Hangarter v. Provident Life & Accident Ins. Co.*,
  373 F.3d 998 (9th Cir. 2004) ............................................................ 10

*In re Napster, Inc. Copyright Litigation*,
  354 F. Supp. 2d 1113 (N.D. Cal. 2005) ................................. 7, 9, 11

*In re First Alliance Mortgage Co.*,
  471 F.3d 977 (9th Cir. 2006) .............................................................. 9

*Inline, Inc. v. Apace Moving Sys., Inc.*,
  125 Cal. App. 4th 895 (2005) ............................................................ 9

*Inter-Mark USA, Inc. v. Intuit*,
  2008 WL 552482 (N.D. Cal. Feb. 27, 2008) ................................... 13

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ......................................................... 13

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134 (2003) ..................................................................... 8

*Kraus v. Trinity Management Services, Inc.*,
  23 Cal. 4th 116 (2000) ....................................................................... 9

*Kwikset Corp. v. Super. Ct.*,
  51 Cal. 4th 310 (2011) ....................................................................... 9

*Laster v. T-Mobile USA, Inc.*,
  2009 WL 4842801 (S.D. Cal. Dec. 14, 2009) ........................... 11, 12

*Marolda v. Symantec*,
  672 F. Supp. 2d 992  (N.D. Cal. 2009) ...................................... 13, 14

*Martinez v. Welk Group, Inc.*,
  2011 WL 2173764 (S.D. Cal. June 2, 2011) ..................................... 8

*Paik-Apau v. Deutsche Bank Nat'l Trust Co.*,
  2011 WL 1467813 (D. Haw. Apr. 15, 2011) ................................... 12

*Qarbon.com Inc. v. eHelp Corp.*,
  315 F. Supp. 2d 1046 (N.D. Cal. 2004) .......................................... 12

*Reyes v. San Diego County Bd. of Supervisors*,
  196 Cal. App. 3d 1263 (1987) ........................................................... 6

*Richmond v. Dart Indus., Inc.*,
  29 Cal. 3d 462 (1981) ........................................................................ 6

*Robinson v. HSBC Bank USA*,
  732 F. Supp. 2d 976 (N.D. Cal. 2010) .............................................. 9

275731.7.doc

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

*Rondberg v. McCoy,*
   2009 WL 3017611 (S.D. Cal. Sept. 21, 2009).........................................13, 14

*Schulz v. Neovi Data Corp.,*
   152 Cal. App. 4th 86 (2007) .....................................................................7

*United Food & Commercial Workers Cent. Pa. & Reg'l Health & Welfare*
   *Fund v. Amgen, Inc.,*
   400 Fed. Appx. 255 (9th Cir. 2010) .......................................................13, 14

*United States of America v. Sequel Contractors, Inc.,*
   402 F. Supp. 2d 1142 (C.D. Cal. 2005)......................................................9

*Vasquez v. Super. Ct.,*
   4 Cal. 3d 800 (1971)..............................................................................6

*Vess v. Ciba–Geigy Corp., USA,*
   317 F.3d 1097 (9th Cir. 2003)). .............................................................13

*Whittlestone, Inc. v. Handi-Craft Co.,*
   618 F.3d 970 (9th Cir. 2010) ..................................................................8

*Yates v. Aurora Loan Servs., LLC,*
   2011 WL 2429376 (N.D. Cal. June 13, 2011) ...........................................13

## STATUTES

Cal. Bus. & Prof. Code

   § 17200.........................................................1, 2, 5, 7, 8, 9, 11, 13, 14

   § 17203..................................................................................6, 7, 8

   § 17204..........................................................................................5

   § 17500............................................................1, 2, 5, 7, 8, 9, 11, 13

   § 17535...................................................................................5, 6, 7

Cal. Civ. Proc. Code

   § 382 ............................................................................................6

## RULES

Fed. R. Civ. P.

   8 ....................................................................................................5

   9 .........................................................................................2, 13, 14

1

11 ...................................................................................................... 3

12 ...................................................................................................... 4

23 ...................................................................................................... 6

57 .................................................................................................... 12

## **OTHER AUTHORITIES**

Proposition 64 (2004) ........................................................................ 1, 5, 6

## I.     <u>INTRODUCTION</u>

Plaintiffs Gail Profant and Leslie Hemstreet (collectively, "Plaintiffs") are members of Animal Defenders International ("ADI"), an animal rights group which believes that elephants used for entertainment purposes are, by definition, mistreated and abused.  Plaintiffs bring this action solely on behalf of the general public against Defendants Have Trunk Will Travel, Inc., Gary Johnson, and Kari Johnson (collectively, "Defendants"), who own and care for elephants.  Defendants make their elephants available for special events, rides at zoos and county fairs, and rent them to entertainment production companies.

Notably, Plaintiffs do not claim that they had any business dealings with Defendants.  They do not claim to have purchased any products or services from Defendants.  They do not allege that they rented or paid to ride on any of Defendants' elephants, or that they ever paid one penny to any of the Defendants.

Rather, they claim that they purchased two tickets for the movie *Water for Elephants* (the "Movie"), which was produced and exhibited by unrelated third parties.  Prior to watching the Movie, Plaintiffs claim that they conducted research on Defendants because one of their elephants, Tai, played a central role in the Movie.  In the course of their research, Plaintiffs allege that they reviewed unspecified representations made by Defendants regarding their treatment of Tai, which, Plaintiffs claim, were false.  According to Plaintiffs, if they had not been misled by Defendants' statements, they would not have watched the Movie.

Although Plaintiffs clearly intend to send a broad public message by their Complaint, their claims under sections 17200 and 17500 of the California Business & Professions Code fail as a matter of law.  First, Plaintiffs bring this lawsuit *solely* "in the public interest and/or on behalf of the general public."  While such actions were once permitted (as "private attorney general actions"), they were abolished with the passage of Proposition 64 in November 2004.

/ / /

1

Second, Plaintiffs fail to allege any set of facts which would entitle them to either of the two remedies (restitution and/or injunctive relief) available under sections 17200 and 17500.  Plaintiffs also seek compensatory damages and nonrestitutionary disgorgement of profits, which are both unavailable as a matter of law.

Third, although Plaintiffs' entire Complaint is rooted in fraud, Plaintiffs fail to plead their claims with particularity as required by Rule 9(b).  Among other things, Plaintiffs fail to identify when particular statements were made, where they were made, how they were false, and upon which statements Plaintiffs actually relied.  Indeed, Plaintiffs identify statements that, by their own admission, were made *after* they watched the Movie.  As such, those statements could *not* have been relied upon by Plaintiffs when they purchased the two movie tickets.

Plaintiffs' Complaint should be dismissed.

## II.   FACTUAL BACKGROUND

A.   **Defendants' Business:  Feeding, Training, And Caring For Elephants And Making Them Available For Public Appearances**

Defendants are owners and operators of an elephant ranch in Riverside County, California.  (Compl. ¶¶ 6-8, 13, 17-18.)  They feed, train, and care for multiple Asian elephants.  (*Id.* ¶¶ 13, 18.)  Defendants make their elephants available at zoos and fairs, where children and others are permitted to ride them for a fee.  (*Id.* ¶¶ 14-15, 19, 33, 53, 74.)  In addition, Defendants rent their elephants for performances in movies and television commercials and appearances at special private events (*e.g.*, birthday parties and weddings).  (*Id.* ¶¶ 14, 16, 19, 33, 53, 74, 82.)

One of Defendants' elephants, Tai, recently played the role of Rosie the Elephant in the Movie, starring Reese Witherspoon and Robert Pattinson, which was made by a third party movie production company.  (Compl. ¶¶ 26-27.)  Plaintiffs do / / /

1   not allege that Defendants received any money from ticket sales for the Movie.  (*See*

2   *generally* Compl.)[1]

3           Notably, Plaintiffs do not allege that they had any business dealings with

4   Defendants or purchased any goods or services from Defendants.  (*See generally*

5   Compl.)  Plaintiffs do not allege that they rented or paid to ride on any of

6   Defendants' elephants, or otherwise paid any money to Defendants in any manner.

7   (*Id.*)

8   **B.      Plaintiffs' Cause:  The Elimination Of The Use Of Elephants For**

9           **Entertainment**

10          Plaintiffs Profant and Hemstreet are citizens of Texas and Oregon,

11  respectively.  (Compl. ¶¶ 3-4.)  They are members of ADI, which "works at all

12  levels of animal protection and conservation by investigating claims of abuse . . .

13  and drafting and securing legislative protection for animals."  (*Id*. ¶ 5.)  Plaintiffs'

14  ADI group believes that elephants should not perform for human entertainment or

15  be used to provide rides to people.  (*Id*. ¶¶ 14-16, 19, 33, 53, 73, 74.)

16  **C.      Plaintiffs Bring This Lawsuit "Solely In The Public Interest And/Or On**

17          **Behalf Of The General Public"**

18          Plaintiffs purport to bring this lawsuit "solely in the public interest and/or on

19  behalf of the general public."  (Compl. ¶ 81.)  The gravamen of Plaintiffs'

20  Complaint is that, even though Plaintiffs believe that elephants used for

21  entertainment are by definition abused, they went ahead and saw the Movie anyway,

22  based on allegedly false statements made by Defendants.  (*See*, *e.g.*, *id*. ¶¶ 3, 4, 54,

23  64-67, 79, 84-85.)

24  / / /

25

26  _____

[1] Nor could they within the bounds of Rule 11 of the Federal Rules of Civil
27  Procedure.

28

1   In particular, Plaintiffs aver that Defendants made a series of unspecified
2   misrepresentations regarding their training of Tai, and that, in purported reliance
3   upon those statements, Plaintiffs bought tickets for the Movie, which they watched.
4   (*See*, *e.g.*, Compl. ¶¶ 3, 4, 67, 84.)  Plaintiffs claim that, just a few weeks after the
5   Movie was released, Plaintiffs' ADI group released two videos, wherein Defendants
6   allegedly are depicted abusing Tai and other elephants.  (*Id.* ¶¶ 21-24.)  Plaintiffs do
7   not allege when their ADI group created these videos or obtained the footage
8   contained in the videos, but claim that they did not watch the videos until after they
9   saw the Movie.  (*Id.* ¶¶ 3, 21, 23, 27.)

10   Moreover, Plaintiffs do not identify *which* statements induced their reliance,
11   *when* the statements were made, *where* they were made, *who* made them, or their
12   specific contents.  Instead, Plaintiffs' Complaint sets forth a litany of statements
13   allegedly made by Defendants relating to a wide variety of topics ranging from the
14   use of marshmallows, jelly beans, and carrots as elephant-training tools to alleged
15   comments about ADI after the release of ADI's videos. (Compl. ¶¶ 22, 43-46, 56,
16   70; *see also id.* at 2:9-10)  Tellingly, Plaintiffs even recite statements that allegedly
17   were made *after* Plaintiffs watched the Movie.  (*See*, *e.g.*, *id.* ¶¶ 3-4, 43-46.)

18   By their Complaint, Plaintiffs seek "compensatory damages," "disgorgement"
19   of Defendants' profits, injunctive relief, and unspecified declaratory relief.  (*See*
20   Compl. at 21:1-12.)  Plaintiffs also purport to seek "restitution," although they do
21   not claim that Defendants obtained any portion of the money Plaintiffs spent on
22   their purchase of two movie tickets.  (*Id.* ¶ 88.)

### III.   ARGUMENT

**A.   Legal Standard**

25   Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court
26   may dismiss a complaint for failure to state a claim upon which relief can be
27   granted.  Fed. R. Civ. P. 12(b)(6).  In order to survive a motion to dismiss, a plaintiff
28   must allege "more than labels and conclusions, and a formulaic recitation of the

1  elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S.

2  544, 555 (2007).

3        Specifically, a plaintiff must set forth sufficient facts to state a "plausible

4  claim for relief." *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009).

5  Thus, a complaint that alleges only a possibility of liability is insufficient. *Id.* at

6  1949 ("The plausibility standard . . . asks for more than a sheer possibility that a

7  defendant has acted unlawfully.").

8        To determine whether a plaintiff's claims are "plausible," a court must first

9  disregard all conclusory allegations. *Id.* at 1949.  Then, from the remaining

10 nonconclusory factual allegations, the court must determine whether the plaintiff's

11 claims are plausible (not merely possible). *Id.* at 1950; *see also Twombly*, 550 U.S.

12 at 555-56.  Determining plausibility is "a context-specific task that requires the . . .

13 court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at

14 1950.  "But where well-pleaded facts do not permit the court to infer more than

15 mere possibility of misconduct, the complaint . . . has not 'show[n]' . . . 'that the

16 pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

17 **B.**     **Plaintiffs' Claims Should Be Dismissed Because They Are Impermissibly**

18          **Brought "Solely" On Behalf Of The General Public And Because**

19          **Plaintiffs Did Not Use Defendants' Goods Or Services**

20        Prior to the passage of Proposition 64 in 2004, sections 17204 and 17535 of

21 the California Business & Professions Code permitted "*any person* acting for the

22 interests of . . . the general public" to file suit under sections 17200 and 17500.  *See*

23 Cal. Bus. & Prof. Code §§ 17204, 17535 (pre-Proposition 64) (emphasis added).

24 However, once Proposition 64 was enacted, the revised sections 17204 and 17535

25 eliminated private attorney general actions because they were "being misused" to,

26 among other things, "[f]ile lawsuits for clients who have not used the defendant's

27 product or service . . . or had any other business dealing with the defendant."

28 Proposition 64 § 1(b); *see also Hall v. Time Inc.*, 158 Cal. App. 4th 847, 853-54

1   (2008).  Thus, the revised statute eliminated such lawsuits by mandating that "only

2   the California Attorney General and local public officials [are] authorized to file and

3   prosecute actions on behalf of the general public."  Proposition 64 § 1(f); *see also*

4   *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 228 (2006).

5          Under current law, private representative actions are allowed only when they

6   comply with the procedural requirements for class actions.  *Arias v. Super. Ct.*, 46

7   Cal. 4th 969, 979 (2009).  Specifically, under sections 17203 and 17535, "[a]ny

8   person may pursue representative claims or relief on behalf of others only if the

9   claimant . . . complies with Section 382 of the Code of Civil Procedure," which sets

10  forth the requirements for class action lawsuits.  Cal. Bus. & Prof. Code §§ 17203,

11  17535; Cal. Civ. Proc. Code § 382.[2]  Indeed, in *Arias*, the California Supreme Court

12  struck a section 17200 claim precisely because it had been brought as a

13  representative action but not as a class action.  *See Arias*, 46 Cal. 4th at 976-77.

14         Here, Plaintiffs expressly state that they are bringing this lawsuit "solely in

15  the public interest and/or on behalf of the general public."  (*See generally* Compl. &

16  / / /

17  _____

18  [2] Under California law, two basic requirements must exist to sustain a class action:
    "The first is existence of an *ascertainable class*, and the second is a *well-defined*
19  *community of interest* in the questions of law and fact involved."  *Vasquez v. Super.*
    *Ct.*, 4 Cal. 3d 800, 809 (1971).  Whether a class is "ascertainable" within the
20  meaning of Cal. Civ. Proc. Code § 382 is determined by examining several factors,
    including but not limited to class definition and size.  *Reyes v. San Diego County*
21  *Bd. of Supervisors*, 196 Cal. App. 3d 1263, 1271 (1987).  The "community of
    interest" requirement considers several additional factors, such as the predominant
22  common questions of law or fact, and the typicality and adequacy of the class
    representatives.  *Richmond v. Dart Indus., Inc.*, 29 Cal. 3d 462, 470 (1981); *cf.* Fed.
23  R. Civ. P. 23.
24
25
    In the instant action, Plaintiffs have made no effort to comply with these
26  requirements, and have not sought to bring a class action.  (*See* Civil Cover Sheet,
    Docket No. 1, § V, at 23 (noting that this lawsuit is not a "CLASS ACTION").)
27
28

1  ¶ 81.)  As the foregoing authorities demonstrate, such private actions on behalf of

2  the general public are not permitted, and Plaintiffs' Complaint should be dismissed.

3      Separately, the passage of Proposition 64 served to prohibit suits by parties

4  who have not used defendants' services.  *See*, *e.g.*, *Schulz v. Neovi Data Corp.*, 152

5  Cal. App. 4th 86, 97 (2007) (holding that plaintiff could not assert claim under

6  section 17200 against those defendants whose services he did not use).  Plaintiffs do

7  not allege that they have used Defendants' elephant services (*e.g.*, they do not claim

8  to have "rented" one of Defendants' elephants).  The passage of Proposition 64 and

9  *Schulz* compel the dismissal of Plaintiffs' Complaint.

10 **C.**  **Plaintiffs' Claims Should Be Dismissed Because The Damages And Relief**

11     **They Seek Are Precluded As A Matter Of Law**

12     Plaintiffs' claims should be dismissed for the independent reason that they fail

13 to allege any facts which would entitle them to either of the remedies available

14 under sections 17200 and 17500 *et seq.  See, e.g., In re Napster, Inc. Copyright*

15 *Litigation*, 354 F. Supp. 2d 1113, 1126 (N.D. Cal. 2005) (dismissing section 17200

16 claim because the claimant "failed to allege any set of facts that would entitle it to

17 any of the remedies available [under] that statute").[3]  As set forth below, Plaintiffs

18 lay claim to damages which are unavailable as a matter of law.

19 / / /

20 / / /

21 _____

22 [3] Only two forms of relief are potentially available to private plaintiffs under
   sections 17200 and/or 17500: restitution and injunctive relief.  *De Jose v. EMC*
23 *Mortg. Corp.*, 2011 WL 1539656, at *11 (N.D. Cal. Apr. 18, 2011) ("the remedies
   available under the UCL are limited to restitution and injunctive relief"); *see also*
24 *Freeman v. Time, Inc.*, 68 F.3d 285, 288 (9th Cir. 1995) (the two available remedies
   for violations of the false advertising law are restitution and injunctive relief); *see*
25 *also* Cal. Bus. & Prof. Code §§ 17203, 17535.  Here, Plaintiffs seek impermissible
   remedies and also fail to allege facts which would entitle them to either of the two
26 remedies that are potentially available under the statutes.
27

28

7

1.     __Plaintiffs Are Not Entitled To Compensatory Damages__

Compensatory damages are not available under either sections 17200 or 17500.  *See Bank of the West v. Super. Ct.*, 2 Cal. 4th 1254, 1266 (1992) ("[D]amages are not available under section 17203."); *Fladeboe v. American Isuzu Motors Inc.*, 150 Cal. App. 4th 42, 68 (2007) (stating that compensatory damages are not available for alleged unfair business practice claims); *see also Chern v. Bank of Am.*, 15 Cal. 3d 866, 875 (1976) (holding that § 17500 does "not authorize recovery of damages by private individuals").

Accordingly, Plaintiffs' claim "[f]or compensatory damages" should be dismissed.  (*See* Compl. at 21:3.)[4]

2.     __Plaintiffs Are Not Entitled To Nonrestitutionary Disgorgement__

Under California law, nonrestitutionary disgorgement of profits is not available under either sections 17200 or 17500.  *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148 (2003) ("This court has never approved of nonrestitutionary disgorgement of profits as a remedy under the UCL."); *see also Martinez v. Welk Group, Inc.*, 2011 WL 2173764, at *3-*4 (S.D. Cal. June 2, 2011) (striking a plaintiff's prayer for disgorgement of profits under section 17200); *Bran v. Sun Pac. Farming Cooperative*, 2007 WL 678494, at *5-*7 (E.D. Cal. Mar. 1, 2007) (same).

Accordingly, Plaintiffs' prayer "[f]or disgorgement of *all* gains, profits, and advantages derived by defendant from his [*sic*] acts of unfair competition and other violations of law" should be dismissed because such relief is barred as a matter of law.  (Compl. at 21:5-6 (emphasis added).)

/ / /

---

[4] A Rule 12(b)(6) motion is the proper method of attacking a complaint whose requested forms of relief are precluded as a matter of law.  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-76 (9th Cir. 2010).

### 3.   <u>Plaintiffs Are Not Entitled To "Restitution"</u>

The only form of *monetary* relief potentially available to claimants under sections 17200 and 17500 is restitution.  *See Robinson v. HSBC Bank USA*, 732 F. Supp. 2d 976, 989 n.9 (N.D. Cal. 2010) ("[U]nder the UCL restitution is the only form of monetary relief available.").  "Restitution" requires a defendant to take something of value from a plaintiff, and a plaintiff to ask that it be restored.  *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 336 (2011) ("A restitution order against a defendant . . . requires both that money or property have been lost by a plaintiff, on the one hand, and that it have been acquired by a defendant on the other.").[5]

Accordingly, a plaintiff does not state a claim for restitution under the UCL when she does not allege "an ownership interest in property or funds in the defendant's possession."  *In re First Alliance Mortgage Co.*, 471 F.3d 977, 997 (9th Cir. 2006) (citation omitted); *see also Napster*, 354 F. Supp. 2d at 1127 (restitution not available where the would-be defendants are not in possession of funds in which the plaintiff has an ownership interest; claims dismissed); *United States of America v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1156 (C.D. Cal. 2005) (party

---

[5] *See Kraus v. Trinity Management Services, Inc.*, 23 Cal. 4th 116, 126-127 (2000) ("restitution" means "compelling a UCL defendant to return money . . . to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property"); *see also Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal. App. 4th 997, 1012-13 (2005) ("restitution" relates to circumstances in which the defendant has wrongfully acquired funds in which the plaintiff has an ownership interest); *Inline, Inc. v. Apace Moving Sys., Inc.*, 125 Cal. App. 4th 895, 903 (2005) (restitution means asking the defendant to return something he wrongfully received, as opposed to compensatory damages, which asks that the defendant compensate a party for injury suffered); *Day v. AT & T Corp.*, 63 Cal. App. 4th 325, 340 (1995) ("[T]he notion of restoring something to a victim of unfair competition includes two separate components[:] . . . [t]he offending party must have obtained something to which it was not entitled and the victim must have given up something which he or she was entitled to keep").

failed to state a claim for restitution where it does not allege that it has an ownership interest in the property or funds in the defendant's possession).

In light of the above referenced authorities, the remedy of restitution is not available here because none of the Defendants are alleged to possess funds in which Plaintiffs allegedly has an ownership interest.  Plaintiffs had no business dealings with Defendants.  They do not claim to have purchased Defendants' product or service, nor do they claim to have paid any money to Defendants.  Plaintiffs do not claim that Defendants acquired any money from them in any manner.  As such, the remedy of restitution is not available.

Moreover, no matter what label Plaintiffs apply to their damages claim, they are not actually seeking "restitution" in this case.  Rather, they are seeking compensatory damages.  Plaintiffs merely request that Defendants compensate them for an alleged injury (the purchase of two movie tickets from an unrelated third party), rather than returning something to Plaintiffs which Defendants allegedly received.  Such claims for compensatory damages are simply not permitted under the law.  *See*, *supra*, Part III.C.1.

### 4.   <u>Plaintiffs Do Not Have Standing To Seek Injunctive Relief</u>

It is well-settled that plaintiffs lack standing to seek injunctive relief where they are not threatened by any future injury.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) ("If [plaintiff] has made no showing that he is realistically threatened by a repetition of his experience . . . , then he has not met the requirements for seeking an injunction in a federal court."); *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (quotation omitted) (in order to seek prospective injunctive relief, plaintiffs must "demonstrate that they are 'realistically threatened by a *repetition* of the violation'") (citation omitted).[6]

_____

[6] *See also Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1022 (9th (footnote continued)

1    In light of the above referenced authorities, and the rationale that a plaintiff

2  who is not threatened by future harm cannot seek injunctive relief in federal court,

3  Plaintiffs' claim for injunctive relief should be dismissed.  Plaintiffs fail to plead any

4  facts that even remotely suggest they are threatened by a future injury.  Indeed,

5  Plaintiffs plead the exact opposite.

6    According to Plaintiffs, they purchased movie tickets from a third party to

7  whom Defendants "rented" an elephant.  They claim that they watched that movie

8  after researching and finding statements made by Defendants that the elephant, Tai,

9  was not abused during training.  Plaintiffs claim that, sometime later, they saw two

10  videos—released by their ADI group a few weeks after the movie was released—

11  and those videos belied Defendants' statements.  Even crediting Plaintiffs'

12  allegations, Plaintiffs cannot establish that they or their animal rights group could

13  possibly be misled by Defendants in the future.  For example, they do not allege that

14  they may be duped into renting an elephant from Defendants in the future, or paying

15  for an elephant ride, or paying Defendants for any product involving one of their

16  elephants.  Rather, Plaintiffs allege that they are now knowledgeable about

17  Defendants' alleged training methods.  Such "knowledge precludes them from

18  showing likelihood of future injury" and bars them from seeking injunctive relief.

19  *See Laster v. T-Mobile USA, Inc.*, 2009 WL 4842801, at *4 (S.D. Cal. Dec. 14,

20  2009) (dismissing plaintiffs' claims for prospective injunctive relief under

21

22  Cir. 2004) (holding that a plaintiff lacked standing to seek prospective injunctive
     relief under section 17200 because he "currently has no contractual relationship with
23  [d]efendants and therefore is not personally threatened by their conduct"); *Napster*,
     354 F. Supp. 2d at 1127 (explaining that claimant was not entitled to seek injunctive
24  relief where it did not allege that it "has suffered any ongoing injury"; dismissing
     unfair competition claim); *Deitz v. Comcast Corp.*, 2006 WL 3782902, at *3 (N.D.
25  Cal. Dec. 21, 2006) (holding that a plaintiff lacked standing to seek prospective
     injunctive relief under § 17200 because he failed to demonstrate a "definitive
26  likelihood" of future harm).

27

28

1    sections 17200 and 17500 because plaintiffs now were aware of defendants'

2    business practices).

3        **5.        Plaintiffs Are Not Entitled To Declaratory Relief**

4            Plaintiffs' claim for declaratory relief fails for at least two independent

5    reasons.

6            First, as with injunctive relief, a plaintiff must establish a threat of *future*

7    injury in order to have standing to seek a claim for declaratory relief.  *See*, *supra*,

8    Part III.C.4.; s*ee also Laster*, 2009 WL 4842801, at *3-*4 (dismissing plaintiff's

9    claim for declaratory relief where his *present* knowledge of defendants' business

10   practices precluded him from showing a likelihood of *future* injury); *Deitz*, 2006

11   WL 3782902, at *2-*4 (plaintiff lacked standing to assert a claim for declaratory

12   relief because his "claims of possible future injury are too speculative and attenuated

13   to warrant prospective relief").  Because Plaintiffs allege that they now know

14   Defendants' training methods, there is no likelihood that they will be misled by

15   Defendants in the future.

16           Second, a claim for declaratory relief, like all claims, must, at a minimum,

17   place the defendant on fair notice of what the claim is.  *See Twombly*, 550 U.S. at

18   555.  In addition, a demand for declaratory relief must state the relief sought "with

19   precision."  Fed. R. Civ. P. 57 advisory committee notes (1937).  Where a plaintiff

20   fails to meet these standards, the claim must be dismissed.  *Paik-Apau v. Deutsche*

21   *Bank Nat'l Trust Co.*, 2011 WL 1467813, at *3 (D. Haw. Apr. 15, 2011) (dismissing

22   a claim for declaratory relief where it was "not sufficiently detailed to give fair

23   notice to Defendants of the nature of the claim"); *Qarbon.com Inc. v. eHelp Corp.*,

24   315 F. Supp. 2d 1046, 1051 (N.D. Cal. 2004) (dismissing a counter-claim for

25   declaratory relief because its "general allegations . . . fail[ed] to give 'fair notice'" to

26   the counter-defendant).

27           In light of the above-referenced authorities, Plaintiffs' claim for declaratory

28   relief should be dismissed.  Plaintiffs fail to identify—in any manner—the

1  declaratory relief sought.  (*See* Compl. ¶ 88; *see also id.* at 21:11.)  Plaintiffs fail to

2  provide any notice to Defendants or the Court as to the specific declaration they

3  seek, which is insufficient as a matter of law.

4  **D.**  **Plaintiffs' Claims Should Be Dismissed Because They Are Not Pled With**

5  **Particularity**

6  Where, as here, a plaintiff premises her sections 17200 and 17500 claims

7  upon alleged fraudulent representations, the claims must be pled with particularity in

8  accordance with Rule 9(b) of the Federal Rules of Civil Procedure.  *See Kearns v.*

9  *Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Inter-Mark USA, Inc. v.*

10  *Intuit*, 2008 WL 552482, at *9 (N.D. Cal. Feb. 27, 2008); *see also* Fed. R. Civ. P.

11  9(b).  To satisfy the particularity requirement, a plaintiff must allege the "who, what,

12  when, where, and how" of the fraudulent conduct charged.  *See FTC v. Lights of*

13  *Am., Inc.*, 760 F. Supp. 2d 848, 851 (C.D. Cal. 2010) (citing *Vess v. Ciba–Geigy*

14  *Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

15  If plaintiff fails to meet this heightened pleading standard, the complaint must

16  be dismissed.  *See, e.g.*, *Kearns*, 567 F.3d at 1126 (holding that section 17200 claim

17  was insufficiently pled where he failed to plead "the particular circumstances

18  surrounding [defendants'] representations," "what the . . . sales material specifically

19  stated," "when he was exposed to them or which ones he found material," "which

20  sales material he relied upon in making his decision," "who made [the] statement,"

21  or "when [the statement was made]"); *see also United Food & Commercial Workers*

22  *Cent. Pa. & Reg'l Health & Welfare Fund v. Amgen, Inc.*, 400 Fed. Appx. 255, 257-

23  58 (9th Cir. 2010) ("*Amgen*") (affirming dismissal of section 17200 claim because it

24  was not pled with particularity); *Yates v. Aurora Loan Servs., LLC*, 2011 WL

25  2429376, at *10 (N.D. Cal. June 13, 2011) (dismissing section 17200 claim because

26  it was not pled with particularity); *Marolda v. Symantec*, 672 F. Supp. 2d 992, 1001-

27  02 (N.D. Cal. 2009) (same); *Rondberg v. McCoy*, 2009 WL 3017611, at *5 (S.D.

28  Cal. Sept. 21, 2009) (same).

1    Here, the gravamen of Plaintiffs' Complaint is fraud.  The entire crux of

2  Plaintiffs' Complaint is that Defendants allegedly made several misrepresentations

3  about Tai's training, which purportedly caused Plaintiffs to purchase movie tickets

4  from a third party.  (Compl. ¶¶ 54, 55, 64-67, 73, 79, 84.)  Plaintiffs, however, fail to

5  plead Defendants' alleged misrepresentations with particularity.  (*See id.* at 2:5-10,

6  2:16, 2:19; *id.* ¶¶ 3, 4, 22, 29, 53, 55, 56, 57, 67, 70, 71, 84.)  Plaintiffs fail to

7  identify (a) the specific contents of the alleged statements, (b) the dates on which

8  they were made, (c) who made the statements, or (d) where they were made.  (*See*

9  *id.* at 2:5-10, 2:16, 2:19; *id.* ¶¶ 3, 4, 22, 29, 53, 55, 56, 57, 67, 70, 71, 84.).

10    Moreover, Plaintiffs have failed to plead basic facts as to their *reliance* on

11  Defendants' statements.  *See, e.g.*, *Amgen, Inc.*, 400 Fed. Appx. At 257 (affirming

12  dismissal of section 17200 claim because it "did not . . . allege an adequate theory of

13  . . . reliance" under Rule 9(b)); *Rondberg*, 2009 WL 3017611, at *5 (dismissing a

14  claim under section 17200 where plaintiffs did not adequately "allege reliance on

15  alleged fraudulent representations"); *Marolda*, 672 F. Supp. 2d at 1001-02

16  (dismissing plaintiff's claims where her "allegations of reliance rest[ed] on . . .

17  unsteady ground").

18    Here, Plaintiffs do not identify *which* statements they allegedly relied upon,

19  much less *who* made those statements, *where* they were made, or *when* they were

20  made.  Oddly, in Paragraphs 43-45 of the Complaint, Plaintiffs identify several

21  statements allegedly made by Defendants *after* Plaintiffs watched the Movie.

22  (Compl. ¶¶ 43-45.)  It is not possible that Plaintiffs relied upon those alleged

23  misstatements because they were purportedly made only *after* Plaintiffs already had

24  paid for and saw the Movie.  Plaintiffs have failed to meet Rule 9(b)'s heightened

25  pleading requirements.

26  / / /

27  / / /

28  / / /

275731.7.doc

14

1

### IV.   <u>CONCLUSION</u>

2

For the foregoing reasons, the Court should dismiss Plaintiffs' Complaint in

3

its entirety.

4

5

DATED:  September 15, 2011          KELLEY DRYE & WARREN LLP
                                                         Allison S. Brehm

6
                                                         Steven K. Yoda

7

8

9

                                                By /s/ Allison Brehm

10
                                                         Allison S. Brehm
                                                Attorneys for Defendants Have Trunk Will

11
                                                Travel, Inc., Gary Johnson and Kari Johnson

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15