| | |
|---|---|
| KELLEY DRYE & WARREN LLP<br>  Allison S. Brehm (STATE BAR NO. 224029)<br>  Steven K. Yoda (STATE BAR NO. 237739)<br>10100 Santa Monica Boulevard, Twenty-Third Floor<br>Los Angeles, California 90067-4008<br>Telephone: (310) 712-6100<br>Facsimile: (310) 712-6199<br>abrehm@kelleydrye.com<br>syoda@kelleydrye.com<br><br>Attorneys for Defendants Have Trunk Will Travel, Inc., Gary Johnson and Kari Johnson | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| GAIL PROFANT, an individual;<br>LESLIE HEMSTREET, an individual;,<br><br>            Plaintiffs,<br><br>     v.<br><br>HAVE TRUNK WILL TRAVEL, INC., a corporation; GARY JOHNSON, an individual; KARI JOHNSON, an individual; and DOES 1-10,<br><br>            Defendants. | CASE NO. 2:11-cv-05339-RGK-OP<br><br>Hon. R. Gary Klausner<br>United States District Judge<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>[*Notice of Motion and Motion Filed Concurrently Herewith*]<br><br>Date:   October 17, 2011<br>Time:   9:00 a.m.<br>Crtrm.: 850 |

275914.1.doc

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on October 17, 2011 at 9:00 a.m., before the Honorable R. Gary Klausner, United States District Judge, Central District of California, in Courtroom 850, located at 255 East Temple Street, Los Angeles, CA 90012, the Motion to Dismiss of defendants Have Trunk Will Travel, Inc., Gary Johnson and Kari Johnson (collectively, "Defendants") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure came on for hearing.  All parties were represented by counsel.

After considering the written submissions in support of and in opposition to Defendants' Motion, the records and documents on file in this case, and the argument presented by counsel, IT IS HEREBY ORDERED:

The first and second claims for relief of plaintiffs Gail Profant and Leslie Hemstreet (collectively, "Plaintiffs") are defective as a matter of law, as set forth below.

1. Plaintiffs bring this lawsuit solely in the public interest and/or on behalf of the general public.  (*See generally* Compl. & ¶ 81.)  Plaintiffs have not pled this lawsuit as a class action.  (*See generally* Compl.)  Such private representative actions are prohibited.  See Cal. Bus. & Prof. Code §§ 17203, 17535; *see also Arias v. Super. Ct.*, 46 Cal. 4th 969, 976-77 (2009).

2. A Rule 12(b)(6) motion is the proper method of attacking a complaint whose requested forms of relief are precluded as a matter of law.  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-76 (9th Cir. 2010).  Here, Plaintiffs fail to allege any set of facts which would entitle them to any remedies under sections 17200 and 17500 of California's Business and Professions Code.

A. Compensatory damages are not available under either section 17200 or 17500 of the California Business and Professions Code.  *See Bank of the West v. Super. Ct.*, 2 Cal. 4th 1254, 1266 (1992); *Chern v. Bank of Am.*, 15 Cal. 3d 866, 875 (1976); *Fladeboe v. American Isuzu Motors Inc.*, 150 Cal. App. 4th 42,

1 | 68. Thus, Plaintiffs' claim for compensatory damages shall be dismissed. (*See* Compl. at 21:3.)

B. Nonrestitutionary disgorgement of profits is not available under either section 17200 or 17500 of California's Business and Professions Code. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148 (2003); *see also Martinez v. The Welk Group, Inc.*, 2011 U.S. Dist. LEXIS 58718, at *11; *Bran v. Sun Pac. Farming Cooperative*, 2007 U.S. Dist. LEXIS 19235, at *18 (E.D. Cal. Mar. 1, 2007). Thus, Plaintiffs' request nonrestitutionary disgorgement of profits shall be dismissed. (*See* Compl. at 21:5-6.)

C. "Restitution" requires a defendant to take something of value from a plaintiff, and a plaintiff to ask that it be restored. *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 336 (2011) ("A restitution order against a defendant . . . requires both that money or property have been lost by a plaintiff, on the one hand, and that it have been acquired by a defendant on the other.").[1] Accordingly, a plaintiff does not state a claim for restitution under the UCL when she does not allege "an ownership interest in property or funds in the defendant's possession." *In re: First Alliance Mortgage Co.*, 471 F.3d 977, 997 (9th Cir. 2006) (citation omitted); *see also In re Napster, Inc. Copyright Litigation*, 354 F. Supp. 2d 1113,

---

[1] *See Kraus v. Trinity Management Services, Inc.*, 23 Cal. 4th 116, 126-127 (2000) ("restitution" means "compelling a UCL defendant to return money . . . to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property"); *see also Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal. App. 4th 997, 1012-13 (2005) ("restitution" relates to circumstances in which the defendant has wrongfully acquired funds in which the plaintiff has an ownership interest); *Inline, Inc. v. Apace Moving Sys., Inc.*, 125 Cal. App. 4th 895, 903 (2005); *Day v. AT & T Corporation*, 63 Cal. App. 4th 325, 340 (1995) ("[T]he notion of restoring something to a victim of unfair competition includes two separate components[:] . . . [t]he offending party must have obtained something to which it was not entitled and the victim must have given up something which he or she was entitled to keep").

1127 (N.D. Cal. 2005) (restitution not available where the would-be defendants are not in possession of funds in which the plaintiff has an ownership interest; claims dismissed); *United States of America v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1156 (C.D. Cal. 2005) (party failed to state a claim for restitution where it does not allege that it has an ownership interest in the property or funds in the defendant's possession).

      Here, the remedy of restitution is not available here because none of the Defendants, either individually or collectively, are alleged to possess funds in which Plaintiffs allegedly has an ownership interest. Plaintiffs had no business dealings with Defendants. They do not claim to have purchased Defendants' product or service, nor do they claim to have paid any money to Defendants. As such, the remedy of restitution is not available.

      D.    Plaintiffs do not have standing to seek injunctive relief because they do not and cannot establish that they are threatened by a *future* injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998 (9th Cir. 2004); *Laster v. T-Mobile USA, Inc.*, 2009 WL 4842801, at *4 (S.D. Cal. Dec. 14, 2009); *Deitz v. Comcast Corp.*, 2006 WL 3782902, at *3 (N.D. Cal. Dec. 21, 2006); *Napster*, 354 F. Supp. 2d at 1127.

      E.    Plaintiffs' claim for declaratory relief fails for at two, independent reasons. First, Plaintiffs do not and cannot establish that they are threatened by a *future* injury. *See, e.g., Laster*, 2009 WL 4842801, at *4; *Deitz*, 2006 WL 3782902, at *3. Second, Plaintiffs fail to identify the declaration they seek, and therefore fail to meet the minimum standards to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 57 advisory committee notes (1937); *Paik-Apau v. Deutsche Bank Nat'l Trust Co.*, 2011 WL 1467813, at *3 (D. Haw. Apr. 15, 2011); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1051 (N.D. Cal. 2004).

/ / /

275914.1.doc

3

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1  Based on the foregoing, Defendants' Motion to Dismiss Plaintiffs' Complaint
2  is GRANTED.  Plaintiffs' Complaint (including its First and Second Claims) is
3  dismissed in its entirety, with prejudice.
4  IN THE ALTERNATIVE:
5  Although Plaintiffs premise their 17200 and 17500 claims upon alleged
6  fraudulent representations, they fail to plead the claims with particularity in
7  accordance with Rule 9(b) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ.
8  P. 9(b); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009);
9  *Inter-Mark USA, Inc. v. Intuit*, 2008 WL 552482, at *9 (N.D. Cal. Feb. 27, 2008);
10 *United Food & Commercial Workers Cent. Pa. & Reg'l Health & Welfare Fund v.*
11 *Amgen, Inc.*, 2010 U.S. App. LEXIS 21735, at **5-**6 (9th Cir. Oct. 21, 2010);
12 *Yates v. Aurora Loan Servs., LLC*, 2011 U.S. Dist. LEXIS 62644, at *27-*28 (N.D.
13 Cal. June 13, 2011); *Marolda v. Symantec*, 672 F. Supp. 2d 992, 1001-02 (N.D. Cal.
14 2009); *Rondberg v. McCoy*, 2009 WL 3017611, at *5 (S.D. Cal. Sept. 21, 2009).
15 Although Plaintiffs identify a laundry list of statements (some after-the-fact of their
16 alleged reliance), Plaintiffs fail to allege which statements they relied upon, the
17 dates on which they were made, who made the statements, where they were made,
18 or when Plaintiffs read them.  Accordingly, Plaintiffs' claims shall be dismissed.

DATED: _____

The Honorable R. Gary Klasuner
United States District Judge