1  KELLEY DRYE & WARREN LLP
   Allison S. Brehm (STATE BAR NO. 224029)
2    Steven K. Yoda (STATE BAR NO. 237739)
  10100 Santa Monica Boulevard, Twenty-Third Floor
3  Los Angeles, California 90067-4008
  Telephone: (310) 712-6100
4  Facsimile: (310) 712-6199
  abrehm@kelleydrye.com
5  syoda@kelleydrye.com

6  Attorneys for Defendants Have Trunk
  Will Travel, Inc., Gary Johnson and Kari
7  Johnson

8               **UNITED STATES DISTRICT COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11  GAIL PROFANT,  an individual;
   LESLIE HEMSTREET, an individual,
12
        Plaintiffs,
13
      v.
14
   HAVE TRUNK WILL TRAVEL, INC.,
15  a corporation; GARY JOHNSON, an
   individual; KARI JOHNSON, an
16  individual; and DOES 1-10,
17         Defendants.
18

CASE NO. 2:11-cv-05339-RGK-OP

[Hon. R. Gary Klausner]

**DEFENDANTS' REPLY TO
PLAINTIFFS' OPPOSITION TO
MOTION TO DISMISS
PLAINTIFFS' COMPLAINT**

Date:   October 24, 2011
Time:   9:00 a.m.
Crtrm.: 850

[*Declaration of Allison S. Brehm filed
concurrently herewith*]

19

20

21

22

23

24

25

26

27

28

276568.2.doc

1

## TABLE OF CONTENTS

2                                                                                     **Page**

3

4   I.      INTRODUCTION ....................................................................................1

5   II.     PLAINTIFFS ARE NOT ENTITLED TO RESTITUTION AS A
            MATTER OF LAW ...............................................................................3

6

7   III.    PLAINTIFFS ARE NOT ENTITLED TO INJUNCTIVE RELIEF AS
            A MATTER OF LAW ...........................................................................5

8   IV.     PLAINTIFFS ARE NOT ENTITLED TO DECLARATORY RELIEF .........7

9   V.      PLAINTIFFS' ALLEGATIONS OF FRAUD REMAIN CONFUSING
            AND NONSPECIFIC ...........................................................................8

10

11  VI.     THE PARTIES PROPERLY MET AND CONFERRED ..............................9

    VII.    CONCLUSION ....................................................................................10
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

## <u>CASES</u>

4    *Allergan, Inc. v. Athena Cosmetics, Inc.,*
5        640 F.3d 1377 (Fed. Cir. 2011)................................................................4

6    *Ashcroft v. Iqbal,* ____ U.S. ____,
       129 S. Ct. 1937 (2009)...................................................................................6

7    *City of Los Angeles v. Lyons,*
8        461 U.S. 95 (1983) ..................................................................................5, 7

9    *Clayworth v. Pfizer, Inc.,*
       49 Cal. 4th 758 (2010) ..............................................................................4

10    *Degelmann v. Advanced Medical Optics Inc.,*
11        2011 WL 4470641 (9th Cir. 2011)...........................................................4

12    *Deitz v. Comcast Corp.,*
       2006 WL 3782902 (N.D. Cal. Dec. 21, 2006)........................................5, 7

13    *Doe v. Match.com,*
14        2011 WL 2270404 (C.D. Cal. May 25, 2011) ...........................................7

15    *Hall v. Time Inc.,*
       158 Cal. App. 4th 847 (2008) ...................................................................4

16    *Hangarter v. Provident Life & Accident Ins. Co.,*
17        373 F.3d 998 (9th Cir. 2004) ....................................................................5

18    *In re Ditropan XL Antitrust Litig.,*
       529 F. Supp. 2d 1102 (N.D. Cal. 2007) ..................................................3

19    *In re: Napster, Inc. Copyright Litig.,*
20        354 F. Supp. 2d 1113 (N.D. Cal. 2005) ..................................................5

21    *Kearns v. Ford Motor Co.,*
       567 F.3d 1120 (9th Cir. 2009) ..................................................................8

22    *Kwikset Corp. v. Superior Court,*
23        51 Cal. 4th 310 (2011) ...........................................................................3, 4

24    *Laster v. T-Mobile USA, Inc.,*
       2009 WL 4842801 (S.D. Cal. Dec. 14, 2009) ........................................6, 7

25    *Madrid v. Perot Sys. Corp.,*
26        130 Cal. App. 9th 440 (2005)...................................................................3

27    *Morning Star Packing Co. v. SK Foods, L.P.,*
       754 F. Supp. 2d 1230 (E.D. Cal. 2010)...................................................5

28

ii

*Overstock.com, Inc. v. Gradient Analytics, Inc.*,
    151 Cal. App. 4th 688 (2007) ..................................................................4

*Paik-Apau v. Deutsche Bank Nat'l Trust Co.*,
    2011 WL 1467813 (D. Haw. Apr. 15, 2011).........................................8

*Qarbon.com Inc. v. eHelp Corp.*,
    315 F. Supp. 2d 1046 (N.D. Cal. 2004)................................................8

*Shersher v. Superior Court*,
    154 Cal. App. 4th 1491 (2007) ..............................................................3

*VP Racing Fuels, Inc. v. General Petroleum Corp.*,
    2010 WL 1611398 (E.D. Cal. Apr. 20, 2010) ......................................4

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) ..................................................................1

*ZL Technologies, Inc. v. Gartner, Inc.*,
    2009 WL 3706821 (N.D. Cal. Nov. 4, 2009) ........................................3

**<u>RULES</u>**

Fed. R. Civ. P. 57 advisory committee notes (1937) ................................8

# I.   __INTRODUCTION__

Plaintiffs' Opposition is more remarkable for what it expressly and tacitly concedes than for any legal argument that it advances.  Plaintiffs concede the following:

- Plaintiffs concede that compensatory damages are not available; therefore, they "do not oppose dismissing the claim for compensatory damages."  (Pls.' Opp'n to Defs.' Mot. to Dismiss, Dkt. No. 12 ("Pls.' Opp'n"), at 18:20; *see also* Compl. at 21:3.)

- Plaintiffs concede that nonrestitutionary disgorgement of profits is not available; therefore, they "do not oppose" dismissing the claim for *nonrestitutionary* disgorgement of profits.  (Pls.' Opp'n at 18:23.)

- Plaintiffs do not dispute that, as a matter of law, in order to state a claim for restitution, they must allege both that they lost money *and* that Defendants acquired Plaintiffs' money.  (*Compare* Defs.' Mot. to Dismiss, Dkt No. 9 ("Defs.' Mot."), at 9:1-10:2 *with* Pls.' Opp'n at 12:21-13:11 (failing to address Defendants' authorities).)  Further, Plaintiffs do not allege that Defendants acquired even a penny of Plaintiffs' money in any manner.  (*Compare* Defs.' Mot. at 2:27-3:7, 4:20-22 *with* Pls.' Opp'n generally.)

- Plaintiffs do not dispute that, as a matter of law, in order to state claims for injunctive and declaratory relief in federal court, they must allege that they are realistically threatened by immediate future harm or ongoing injury to them personally.  (*Compare* Defs.' Mot. at 10:18-12:15 *with* Pls.' Opp'n at 14:10-17:25 (failing to address Defendants' authorities).)

- Plaintiffs do not dispute that, by their own Complaint, they expressly alleged that they brought this lawsuit "solely in the public interest and/or on behalf of the general public," they have made no efforts to comply with required class action procedures, and California law precludes such private *representative* actions under such circumstances.  (*Compare* Defs.' Mot. at 5:20-7:2 *with* Pls.' Opp'n at 9:6-16 (failing to address Defendants' authorities).)

- Plaintiffs do not dispute that, as a matter of law, where plaintiffs fail to allege facts which would entitle them to either of the two remedies available under sections 17200 and 17500 (restitution or injunctive relief), their claim is subject to dismissal.  (*Compare* Defs.' Mot. at 7:12-27 *with* Pls.' Opp'n (failing to address Defendants' authorities).)

- Plaintiffs do not dispute that a Rule 12(b)(6) motion is the proper method of attacking a complaint with defective requests for relief.  (*Compare* Defs.' Mot. at 8 n.4 (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-76 (9th Cir. 2010) *with* Pls.' Opp'n generally.)

/ / /

/ / /

1       In the face of this record, Plaintiffs make five (5) flawed arguments:

2       First, Plaintiffs argue that they are entitled to restitution from Defendants

3   even though they do not allege that Defendants ever had possession of any of

4   Plaintiffs' money.  To the contrary, a claim for restitution fails where, as here, there

5   is no allegation that Defendants obtained Plaintiffs' money or property.

6       Second, Plaintiffs argue that they are entitled to injunctive relief, even though

7   their Complaint does not set forth any facts showing a realistic threat of future harm

8   or any ongoing injury to their own interests, and even though they "are not sure"

9   that Defendants ever made any misrepresentations in the first place.  Plaintiffs' own

10  uncertainty and conjecture cannot salvage their claim for an injunction.  At bottom,

11  under clear federal authority, Plaintiffs are not entitled to seek injunctive relief

12  herein.

13      Third, Plaintiffs contend that they have provided adequate notice of the

14  declaration they seek, when, in fact, they have not identified the declaratory relief

15  they seek in any manner whatsoever.  In addition, their claim for declaratory relief

16  also fails because they have not alleged any immediate future harm or ongoing

17  injury to their own interests.

18      Fourth, Plaintiffs argue that they have pled their allegations of fraud with

19  sufficient particularity.  Not true; Plaintiffs have failed to provide the requisite

20  specificity for at least 13 of the alleged misrepresentations vaguely referred to in

21  their Complaint.

22      Fifth, Plaintiffs mistakenly argue that the parties did not confer as required by

23  Local Rule 7-3.  To the contrary, Defendants' counsel satisfied Local Rule 7-3 by

24  discussing each of the arguments in the motion with Plaintiffs' counsel.

25      In short, Defendants respectfully request that the Court grant their Motion to

26  Dismiss.

27  / / /

28  / / /

276568.2.doc

## II.   PLAINTIFFS ARE NOT ENTITLED TO RESTITUTION AS A MATTER OF LAW

Plaintiffs fail to address the legion of authorities cited in Defendants' Motion that unequivocally demonstrate that a plaintiff fails to state a claim for restitution where there is no allegation that the defendant possesses the money or property allegedly lost by the plaintiff.  (*See* Defs.' Mot. at 9:2-10:2 (claims for restitution properly dismissed where plaintiff fails to allege that it has an ownership interest in the property or funds in the defendant's possession); *compare* Pls.' Opp'n at 12:21-13:11.)  Indeed, one of the authorities relied upon by Plaintiffs, *ZL Technologies, Inc. v. Gartner, Inc.*, 2009 WL 3706821 (N.D. Cal. Nov. 4, 2009), clearly illustrates that Plaintiffs have not alleged facts sufficient to state a claim for restitution.  In *ZL Technologies*, the court held that the plaintiff failed to state a claim for restitution where it never purchased the defendant's product.  *Id.* at *10.  In dismissing plaintiff's claim for restitution with prejudice, the court explained that the plaintiff

> "failed to allege that the money [it lost] . . . is now, or ever
> was, in the possession of [the defendant.]"

*Id.* at *10, *13 n.7.

Other authorities cited by Plaintiffs also support the dismissal of Plaintiffs' restitution claim.  *See In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1102, 1103 (N.D. Cal. 2007) (noting that restitution is not available where "the plaintiff did not pay any money, even indirectly, to the defendant"); *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 319, 336 (2011) (stating that "[a] restitution order . . . requires . . . that money or property have been lost by a plaintiff, on the one hand, and that it have been acquired by a defendant, on the other"); *Shersher v. Superior Court*, 154 Cal. App. 4th 1491, 1494, 1500 (2007) (stating that restitution requires that "the defendant must have acquired the plaintiff's money or property"); *cf. Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 455, 458 (2005) (holding that plaintiff failed to allege a viable claim for restitution and stating that "plaintiff's

3

1   assertion that defendants received ill-gotten gain does not make a viable [claim for

2   restitution] unless the gain was money in which plaintiff had a vested interest").

3   The remaining authorities upon which Plaintiffs rely do not address the viability of a

4   claim for restitution and are simply inapposite.[1]  In short, Plaintiffs cite no case—

5   and Defendants have not located one—which stands for the proposition that a

6   plaintiff can seek restitution from a defendant who never acquired any money or

7   property belonging to the plaintiff.[2]

8         Here, Plaintiffs fail to allege that the money they purportedly lost is now, or

9   ever was, in the possession of Defendants.  There is no allegation – and no

10  suggestion in their Opposition – that Defendants acquired even a penny of Plaintiffs'

11  money, directly or indirectly, or that Defendants shared in any money from a non-

12  party's sale of movie tickets.  At bottom, the remedy sought by Plaintiffs in this case

13  is not restitutionary because it does not seek to replace any money or property that

---

14

15  [1] *See Degelmann v. Advanced Medical Optics Inc.*, 2011 WL 4470641 at *1 (9th
    Cir. 2011) (issue of restitution was neither raised nor addressed); *Allergan, Inc. v.*

16  *Athena Cosmetics, Inc.*, 640 F.3d 1377 (Fed. Cir. 2011) (not addressing the issue of

17  whether plaintiff pled facts sufficient to entitle it to restitution); *VP Racing Fuels,*
    *Inc. v. General Petroleum Corp.*, 2010 WL 1611398, at *2-3 (E.D. Cal. Apr. 20,

18  2010) (issue of restitution was neither raised nor addressed); *Clayworth v. Pfizer,*

19  *Inc.*, 49 Cal. 4th 758, 764-65, 790 (2010) (not addressing the issue of whether the
    plaintiffs could be entitled to restitution); *Hall v. Time Inc.*, 158 Cal. App. 4th 847,

20  851, 859 (2008) (not addressing the issue of restitution; affirming dismissal of

21  plaintiff's complaint without leave to amend); *Overstock.com, Inc. v. Gradient*
    *Analytics, Inc.*, 151 Cal. App. 4th 688, 714-16 (2007) (not addressing a claim for

22  restitution in any manner).

23  [2] In their Opposition, Plaintiffs conflate the issue of standing with the issue of

24  whether or not a viable claim for restitution has been stated.  (*See* Pls.' Opp'n at
    10:7-13:11.)  However, the issues of whether a plaintiff has standing under

25  California's unfair competition law (UCL) and whether a plaintiff is eligible for

26  restitution under California's UCL are wholly "distinct" questions.  *Kwikset*, 51 Cal.
    4th at 335-36.  Here, Plaintiffs have not stated facts which entitle them to restitution,

27  nor have they bothered to attempt to raise any persuasive argument relating thereto.

28

276568.2.doc

4

Defendants obtained from Plaintiffs.  Accordingly, Plaintiffs' claim for restitution should be dismissed.

### III.   PLAINTIFFS ARE NOT ENTITLED TO INJUNCTIVE RELIEF AS A MATTER OF LAW

As the United States Supreme Court has stated, in order to seek injunctive relief in federal court, plaintiffs must plead a realistic threat of immediate future harm or ongoing injury to them personally.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8 (1983); *see also Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998 (9th Cir. 2004) (holding that plaintiff could not pursue injunctive relief under section 17200 because he "is not personally threatened by [defendants'] conduct"); *Morning Star Packing Co. v. SK Foods, L.P.*, 754 F. Supp. 2d 1230, 1238 (E.D. Cal. 2010) (dismissing plaintiffs' claim for injunctive relief under section 17200 at the pleading stage because plaintiffs "fail[ed] to allege that they face a future harm similar to that which they have already allegedly suffered"); *Deitz v. Comcast Corp.*, 2006 WL 3782902, at *3-*4 (N.D. Cal. Dec. 21, 2006) (dismissing plaintiff's claims for injunctive relief under sections 17200 and 17500 at the pleading stage because plaintiff failed to allege a "definitive likelihood" of becoming injured again by defendant); *In re: Napster, Inc. Copyright Litig.*, 354 F. Supp. 2d 1113, 1127 (N.D. Cal. 2005) (dismissing claim for injunctive relief under section 17200 at the pleading stage because the claimant "fails to allege that it has suffered any ongoing injury").  Defendants' Motion cites no less than six cases to support these legal principles, all of which Plaintiffs ignore.  (*See* Defs.' Mot. at 10:18-12:2; *compare* Pls.' Opp'n at 14:10-16:5.)[3]

_____

[3] Notwithstanding the allegations in Plaintiffs' own Complaint, there is no dispute that Plaintiffs cannot bring this lawsuit "solely in the public interest" or "on behalf of the general public." (Defs.' Mot. at 5:17-7:2; *compare* Pls.' Opp'n at 6 n.5, 9:6-16; Compl. ¶ 81).  Instead, in light of the above-referenced authorities, Plaintiffs must set forth facts showing a realistic threat of immediate future harm or ongoing (footnote continued)

1    Here, and first, Plaintiffs' Complaint is completely silent as to any factual

2 basis showing a realistic threat of immediate future harm or ongoing injury to

3 Plaintiffs *personally*.  (*See* Compl. generally.)  Plaintiffs' claim for injunctive relief

4 is subject to dismissal on this ground alone.

5    Second, Plaintiffs' own allegations, which must be taken as true,[4] confirm that

6 there is no realistic threat of immediate future harm or ongoing injury to Plaintiffs.

7 Plaintiffs allege that they are now knowledgeable about Defendants' (alleged)

8 training practices and would not make any purchase of Defendants' product or

9 service.  (*Id.* ¶¶ 20, 36, 65, 68).  Particularly pertinent here, the only harm that

10 Plaintiffs claim to have suffered is the money they spent to watch the movie *Water*

11 *for Elephants*.  (*See id.* ¶¶ 3-4, 67, 84.)  There is simply no plausible threat that

12 Plaintiffs will somehow be misled by Defendants into paying to watch that movie

13 again.[5]

14    Third, in the face of their own allegations, Plaintiffs now argue that

15 Defendants might not have made any false statements about their training methods,

16 and therefore Plaintiffs "are not sure" about whether or not there has been any fraud

17 regarding the stated treatment of elephants.  (Pls.' Opp'n at 14:17-15:14.)  Taken to

18 its logical conclusion, Plaintiffs' argument is that they need an injunction in the

19 event that Defendants make some unspecified misstatements in the future.

20 / / /

21

22 ─────────────────────

23 injury to their own personal interests.

24 [4] *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009).  Accordingly, Plaintiffs cannot now distance themselves from their own allegations.

25 [5] Moreover, where, as here, a plaintiff gains knowledge of a defendant's alleged

26 business practices, such knowledge precludes the likelihood of future injury and

27 thus precludes injunctive relief as a matter of law.  *Laster v. T-Mobile USA, Inc.*, 2009 WL 4842801, at *3-*4 (S.D. Cal. Dec. 14, 2009).

28

6

1  However, if there has been no misstatement (as Plaintiffs now suggest in their

2  Opposition), there simply is no basis for any sort of relief.

3       Fourth, "speculative," "conjectural," or "hypothetical" harm in the future does

4  not provide a sufficient basis to seek an injunction.  *Lyons*, 461 U.S. at 111; *see also*

5  *Doe v. Match.com*, 2011 WL 2270404, at *2 (C.D. Cal. May 25, 2011) (plaintiff not

6  entitled to seek injunctive relief "when the litigant's claim depends on . . . a chain of

7  speculative contingencies").  Here, Plaintiffs claim that they *could* be harmed in the

8  future *if* third parties make movies in the future which feature Defendants'

9  elephants, *if* Plaintiffs want to see those movies, and *if* Defendants make some sort

10  of misrepresentation about those elephants.  (Pls.' Opp'n at 15:3-14.)  In light of

11  *Lyons* and *Doe*, such a chain of hypothetical events, and Plaintiffs' predictions about

12  the future actions of third party movie makers, does not provide a basis to seek an

13  injunction in federal court.

14       Finally, Plaintiffs argue that they are "afraid" of supporting Defendants'

15  purported abuse, apparently at some unspecified time in the future.  (Pls.' Opp'n at

16  16:8-9.)  However, the United States Supreme Court has held that "subjective

17  apprehensions" are "not a sufficient basis for an injunction."  *Lyons*, 461 U.S. at 107

18  n.8.

19       Plaintiffs' request for injunctive relief should be dismissed.

20  **IV.    PLAINTIFFS ARE NOT ENTITLED TO DECLARATORY RELIEF**

21       Plaintiffs' request for declaratory relief fares no better.  First, as with

22  injunctive relief, in order to seek declaratory relief, Plaintiffs must plead a realistic

23  threat of immediate future harm or ongoing injury to themselves personally.  *See*,

24  *supra*, Part III; *see also Laster,* 2009 WL 4842801, at *4; *Deitz,* 2006 WL 3782902,

25  at *3.  As indicated above, Plaintiffs fail to do so.  *See*, *supra*, Part III.  Accordingly,

26  Plaintiffs' claim for declaratory relief should be dismissed on this basis alone.

27  / / /

28  / / /

276568.2.doc

7

Second, in order to place a defendant on fair notice of a declaratory relief claim, "[t]he demand for relief shall state *with precision* the declaratory judgment relief" sought.  Fed. R. Civ. P. 57 advisory committee notes (1937) (emphasis added).  Failure to do so compels dismissal of the claim.  *See Paik-Apau v. Deutsche Bank Nat'l Trust Co.*, 2011 WL 1467813, at *3 (D. Haw. Apr. 15, 2011); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1051 (N.D. Cal. 2004).  Plaintiffs did not address any of the legal authorities cited by Defendants, which are directly on-point.  (*See* Defs.' Mot. at 12:16-26; *see also* Pls.' Opp'n at 16:17-17:25.)

Instead, Plaintiffs argue by sheer *ipse dixit* that "the multitude of well-pleaded allegations in the complaint" make clear that "the abuse and torture of [Defendants'] elephants must cease."  (Pls.' Opp'n at 16:20-21.)  According to Plaintiffs, "the factual basis for declaratory relief . . . is set out in sufficient detail throughout the complaint to give defendants fair notice of the basis for the relief sought."  (*Id.* at 17:2-4.)  However, after having pored over Plaintiffs' Complaint, and now Plaintiffs' Opposition, Defendants *still* cannot identify the specific declaratory relief sought by Plaintiffs.  Plaintiffs refuse to state the declaratory relief they seek and thereby preclude Defendants from addressing the claim.  In light of the above-referenced authorities, the claim should be dismissed.

## V.   PLAINTIFFS' ALLEGATIONS OF FRAUD REMAIN CONFUSING AND NONSPECIFIC

It is well-established that Defendants are entitled to notice as to the statements on which Plaintiffs rely.  (*See* Defs.' Mot. at 13:6-28, 14:10-17 (citing, *inter alia*, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir. 2009)).)  Indeed, Plaintiffs correctly recognize that alleged "[a]verments of fraud must include the "who, what, when, where and how of the misconduct charged."  (Pls.' Opp'n at 18:6-8.)  Plaintiffs nevertheless fail to address at least thirteen (13) allegations in their Complaint that refer vaguely to Defendants' purported misstatements.

1   Specifically, Plaintiffs do not provide the requisite specificity for a single one of the

2   purported "claims," "statements," "assert[ions]," "reassur[ances]," or

3   "representations," referred to in paragraphs ¶¶ 22, 29, 53, 55, 56, 57, 64, 67, 84, 85

4   and pages 2:5-10,

5   2:16, 2:19 in their Complaint.[6]  Plaintiffs' Complaint should be dismissed on this

6   basis.  (Defs.' Mot. at 13:15-28.)

7                  **VI.    THE PARTIES PROPERLY MET AND CONFERRED**

8              Plaintiffs erroneously contend that Defendants' counsel did not confer

9   "thoroughly" with Plaintiffs' counsel in keeping with Local Rule 7-3.  (Pls.' Opp'n

10  5:24-27.)  To the contrary, on September 7, 2011, Defendants' counsel, Allison S.

11  Brehm, and Plaintiffs' counsel, Corey Evans, discussed by telephone each of the

12  flaws that are addressed in Defendants' Motion.  (*See* Declaration of Allison S.

13  Brehm in Support of Defendants' Reply to Plaintiffs' Opposition to Motion to

14  Dismiss Plaintiffs' Complaint ¶ 4.)  Accordingly, Defendants satisfied Local Rule 7-

15  3, and Plaintiffs' argument to the contrary is plainly mistaken.[7]

16  _____

17  [6] Moreover, several other allegations are defective.  (*See*, *e.g.*, Compl. ¶¶ 3-4 (omit
    the "when," "where," and "how"); ¶¶ 32, 34 (omit the "when"); ¶¶ 70-71 (omit the
18  ""who," "when," "where," and "how"); ¶ 75(a)-(b) (omit the "where" and "how"); ¶
    77 (omits the "who," "what," and "when"); ¶¶ 84-85 (omit the "who," "when,"
19  "where," and "how").)

20  [7] Plaintiffs' argument that Defendants "falsely" and "deceptively" misrepresent
21  Plaintiffs' allegations regarding Animal Defenders International ("ADI") is equally
    mistaken.  (*See* Pls.' Opp'n at 7:15, 7:19; *see also id.* at 7:15-8:19.)  Plaintiffs chose
22  to allege in their own Complaint that they are members of ADI and then describe, in
    great detail, the beliefs of ADI.  (*See*, *e.g.*, Compl. ¶¶ 5, 33 (alleging that Plaintiffs
23  are members of ADI and describing ADI's cause and beliefs).)  Strangely, Plaintiffs
24  now seek to distance themselves from ADI, even though Plaintiffs list ADI as their
    counsel of record, and their complaint is on "ADI" pleading paper.  (*See* Pls.' Opp'n
25  at 8:2-19; *compare* Compl. at 1:1-3 (listing ADI as counsel of record) and generally
26  (depicting ADI's logo on the left-hand column of every page of Plaintiffs'
27  Complaint).

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VII.   <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Defendants' Motion and dismiss Plaintiffs' claims with prejudice in their entirety.

DATED:  October 7, 2011

KELLEY DRYE & WARREN LLP
Allison S. Brehm
Steven K. Yoda

By  /s/ Allison S. Brehm
Allison S. Brehm
Attorneys for Defendants Have Trunk Will
Travel, Kari and Gary Johnson

276568.2.doc

10