# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-05339-RGK (OPx) | Date | October 31, 2011 |
|---|---|---|---|
| Title | ***PROFANT, et al v. HAVE TRUNK WILL TRAVEL*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause re: Dismissal for Lack of Subject Matter Jurisidiction

    On June 27, 2011, Gail Profant, a resident of Texas, and Leslie Hemstreet, a resident of Oregon (collectively, "Plaintiffs"), filed suit in federal court against Have Trunk Will Travel, Inc. ("HTWT") and its owners, Gary Johnson and Kari Johnson (collectively, "Defendants"). HTWT is incorporated and maintains its principal place of business in the State of California. Plaintiffs allege two state-law claims against Defendants under California Business & Professions Code §§ 17200 and 17500 for unfair business practices and false advertising.

    Defendants own and train elephants for appearances in motion pictures. One of Defendants' elephants recently appeared in the film *Water for Elephants*. Plaintiffs allege that they purchased tickets to see the movie *Water for Elephants* in reliance on representations made by Defendants that they trained their elephants using humane techniques. However, after seeing the movie, Plaintiffs saw a video recording of the Defendants allegedly using cruel and inhumane treatment on the elephant seen in *Water for Elephants*. Plaintiffs bring this suit as a result of viewing the movie under the false impression that Defendants' elephant had been trained in a humane manner.

    Plaintiffs seek (1) restitution; (2) compensatory damages; (3) disgorgement of all profits derived by Defendants from their unlawful acts; (4) injunctive relief; (5) declaratory relief: (6) reasonable attorney's fees; (7) costs; (8) and prejudgment interest. Defendants filed a Motion to Dismiss Plaintiffs' Complaint. In their Opposition, Plaintiffs state that they do not oppose dismissal of their claims for compensatory damages and disgorgement because they are not recoverable in this case. (Pls.' Opp. 17-18 n.10.)

    Plaintiffs base federal subject matter jurisdiction in this Court on diversity. Although Defendants have not raised the issue in their Motion, the Court has a duty to establish subject matter jurisdiction over all of Plaintiffs' claims. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05339-RGK (OPx) | Date | October 31, 2011 |
|---|---|---|---|
| Title | ***PROFANT, et al v. HAVE TRUNK WILL TRAVEL*** | | |

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. In reviewing the amount in controversy, a court generally looks to the face of the pleadings. *Crum v. Circus Circus Enters.*, 231 F. 3d 1129, 1131 (9th Cir. 2000). The sum claimed by a plaintiff controls so long as it is made in good faith, and dismissal is only appropriate when it appears to a legal certainty that the claimed amount is less than the jurisdictional amount. *Id.* As the party asserting federal jurisdiction, Plaintiffs bear the burden of establishing that the amount in controversy requirement is satisfied. *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001).

Plaintiffs allege that the amount in controversy for this case exceeds $75,000. (Pls.' Compl. ¶ 1.) Based on the face of the Complaint, however, the Court is unable to determine to a legal certainty that this jurisdictional amount is satisfied. First, as far as the Court can discern, the restitution sought by Plaintiffs is the value of the movie tickets they purchased for *Water for Elephants*. The value of these tickets is de minimis in light of the $75,000 threshold Plaintiffs must meet. Second, in its claims for injunctive and declaratory relief, the Complaint is vague as to the specific activities that Plaintiffs are requesting the Court to enjoin. In light of this uncertainty, the Court is unable to determine to a legal certainty whether the aggregate of all Plaintiffs' claims satisfy the amount in controversy requirement of 28 U.S.C. § 1332.

In light of the foregoing, the Court hereby requests that Plaintiffs **show cause in writing** as to the amount in controversy required for this Court to exercise subject matter jurisdiction over their claims. Plaintiffs must file their response to this Order to Show Cause within **FIVE DAYS** following the issuing of this order.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | slw |