JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05339-RGK (OPx) | Date | November 29, 2011 |
|---|---|---|---|
| Title | *GAIL PROFANT & LESLIE HEMSTREET v. HAVE TRUNK WILL TRAVEL, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re:** Defendants' Motion to Dismiss (DE 9)

**I.     INTRODUCTION**

On June 27, 2011, Gail Profant, a resident of Texas, and Leslie Hemstreet, a resident of Oregon (collectively, "Plaintiffs"), filed a Complaint against Have Trunk Will Travel, Inc. ("HTWT") and its owners, Gary Johnson and Kari Johnson (collectively, "Defendants"). HTWT is incorporated and maintains its principal place of business in the State of California. Plaintiffs allege two state-law claims against Defendants: (1) violations of California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, and (2) violations of California's False Advertising Law ("FAL"), California Business & Professions Code § 17500. Plaintiffs base their claims on allegations that Defendants mistreat the elephants they own and train for commercial purposes.

Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6) motion"). For the following reasons, the Court **GRANTS** Defendants' Motion.

**II.    FACTUAL BACKGROUND**

Plaintiffs are two private individuals who paid for movie tickets to see the recent film, *Water for Elephants*.

HTWT, owned and operated by Defendants Kari Johnson and Gary Johnson, is a corporation that owns and trains elephants for appearances in motion pictures and for other commercial purposes. Defendants are members of the American Zoo and Aquarium Association.

One of Defendants' elephants, Tai, appeared in *Water for Elephants*. Plaintiffs allege that they purchased their tickets to see *Water for Elephants* in reliance on representations made by Defendants that they trained Tai using humane techniques and did not use shock devices or bull hooks.

After seeing the movie, Plaintiffs allegedly observed a video of Defendants using cruel and inhumane treatment on Tai and other elephants. Specifically, Plaintiffs allege that this video, which was publicly released by the animal welfare group Animal Defenders International, portrayed HTWT staff beating Defendants' elephants with bull hooks and using electric shock training. Plaintiffs allege that this type of treatment directly contradicts practices promoted by the U.S. Department of Agriculture, the American Veterinary Medical Association, and the American Zoo and Aquarium Association.

According to Plaintiffs, the treatment of Defendants' elephants in the video directly contradicts numerous public statements made by Defendants as to Tai's humane treatment before, during, and after the filming of *Water for Elephants*. In response to the video, Defendants have allegedly stated that the film was shot out of context and is an inaccurate portrayal of HTWT training practices.

Plaintiffs bring this suit as a result of purchasing movie tickets for *Water for Elephants* under the false pretense that Defendants' elephant had been trained in a humane manner.

## III. JUDICIAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss for failure to state a claim upon which relief can be granted. In assessing a Rule 12(b)(6) motion, the court must assume that all allegations and associated reasonable inferences in the challenged complaint are true and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Only facts included in the pleadings shall be considered. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

To survive a motion to dismiss under Rule 12(b)(6), a pleading must contain sufficient factual matter to "state a claim . . . that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, where the facts of a complaint merely infer the possibility of wrongdoing, the pleader is not entitled to relief. *Id.* at 1950.

## IV. DISCUSSION

The UCL prohibits unfair competition, which is defined as "any unlawful, unfair or fraudulent business act or practice and unfair deceptive, untrue or misleading advertising and any act prohibited by the [the FAL]." Cal. Bus. & Prof. Code § 17200. The FAL prohibits the dissemination of any advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

Defendants offer three arguments in support of their Motion to Dismiss. First, Plaintiffs lack standing under the narrow requirements of Proposition 64 placed on UCL and FAL claims. Second, even if Plaintiffs have standing, they fail to adequately plead their claims under Federal Rule of Civil Procedure 9(b). Finally, Defendants argue that the damages and relief sought by Plaintiffs are barred as a matter of law. The Court addresses each of these challenges in turn.

### A. Standing

Defendants argue that Plaintiffs lack standing because they (1) inappropriately brought this claim

*solely* on behalf of the public interest and (2) did not use Defendants' services and were not injured.[1] The Court disagrees.

As to Defendants' first argument, Proposition 64 prohibits private individuals from bringing claims under the UCL and FAL solely in the public interest. *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal.4th, 223, 228 (2006). The responsibility for bringing suits in the public interest now vests with the California Attorney General and authorized local public officials. *Id.* From the face of the Complaint, it is clear that Plaintiffs bring their claims as individuals on their own behalf. (Compl. §§ 3-4.) However, Plaintiffs also allege that they "bring the lawsuit solely in the public interest and/or on behalf of the general public." (Compl. § 81.) To the extent Plaintiffs attempt to bring their claims on behalf of the public, their claims are barred by Proposition 64.

As to Defendants' second argument, standing extends to "a person who has suffered an injury in fact and has lost money or property as a result of the unfair competition." *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 321 (2011) (quoting Cal. Bus. Prof. Code § 7204). Similarly, under the FAL, standing is granted to "any person who has suffered injury in fact and has lost money or property as a result of a violation of this chapter." *Id.* at 321-22 (quoting Cal. Bus. Prof. Code § 17535). Thus, a plaintiff must first "establish a loss or deprivation of money or property sufficient to qualify as injury in fact." *Id.* at 322. The California Supreme Court has held that one way to show an injury in fact is where a consumer "has purchased a product that he or she *paid more for* than he or she otherwise might have been willing to pay if the product had been labeled accurately." *Id.* at 329 (emphasis in original). Once a plaintiff has shown an injury in fact, he or she must then "show that the economic injury was the result of . . . the unfair business practice or false advertising that is the gravamen of the claim." *Id.* This can be shown where a plaintiff alleges that "he or she would not have bought [a] product but for the misrepresentation." *Id.* at 330.

Here, Plaintiffs allege that they conducted research into the training methods used by Defendants on their elephants, including Tai. (Compl. §§ 3-4.) In conducting this research, Plaintiffs allegedly read statements made by Defendants representing that Defendants did not use shock devices or bull hooks on their elephants. (Compl. §§ 3-4.) Plaintiffs further allege that, in reliance on these statements, they spent money on movie tickets to see *Water for Elephants*. (Compl. §§ 3-4, 64.) After seeing the film, Plaintiffs allege that they viewed videos of Defendants' elephants being cruelly treated with shock devices and bull hooks. (Compl. §§ 3-4.) As a result, Plaintiffs allege that they would not have purchased tickets to *Water for Elephants* had they known about Defendants use of these cruel training techniques on Tai. (Compl. § 65.)

Based on these allegations, the Court finds that Plaintiffs have sufficiently alleged that they suffered an injury in fact that was caused by their reliance on Defendants' misrepresentations. Therefore, Plaintiffs have satisfied the requirements for establishing standing under the UCL and FAL.

**B.    Sufficiency of the Pleadings**

Defendants argue that Plaintiffs' UCL and FAL claims do not meet the pleading requirements of

---

[1] Defendants cite to *Schulz v. Neovi Data Corp.*, 152 Cal. App. 4th 86, 97 (2007), to support their contention that Proposition 64 bars UCL and FAL suits by parties who have not used a defendant's services. (Defs.' Mtn. 7.) Essentially, Defendants argue that Plaintiffs suffered no injury-in-fact, and therefore lack standing, because they did not directly use Defendants' elephant services. The Court finds this argument unavailing. In articulating the requirements of standing under the UCL and FAL in *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011), the California Supreme Court established no such requirement that a plaintiff must directly use a defendant's services.

Rule 9(b) and must therefore be dismissed. The Court disagrees.

When a complaint is grounded in fraud, the claims as a whole must be pled under the heightened pleading standards of Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). Here, Plaintiffs allege that Defendants have engaged in a continuous course of conduct through untrue and misleading representations to publicize that they do not mistreat their elephants. (Compl. ¶ 55.) Plaintiffs allege that this course of conduct to commit a fraud against the public is a fraudulent and unfair business practice. Plaintiffs allege that this type of conduct is also false advertising. Because these allegations are all grounded in the same allegations of fraud, Plaintiffs must meet the heightened pleading requirements of Rule 9(b).

To satisfy Rule 9(b), Plaintiffs' allegations of fraud must be accompanied by the "who, what, when, where, and how" regarding the specifics of the misconduct. *Vess v. Ceiba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Picket*, 137 F.3d 616, 627 (9th Cir. 1997). In doing so, "the Plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994).

In their Complaint, Plaintiffs specify as fraudulent the following: (1) a February 2011 online article from Tai's veterinarian stating that Tai "has never known mistreatment"; (2) a statement on HTWT's website stating that HTWT is "helping to establish the high standard of care and humane treatment that elephants deserve"; (3) a press release for *Water for Elephants* where Defendant Gary Johnson states "Tai was never hit in any way at all"; and (4) a December 2008 statement to the media that "[HTWT] . . . does [not] condone using electrical devices to discipline and control elephants except in situations where elephant or human safety is at risk." (Compl. ¶¶ 30, 31, 32, 75.) These allegations sufficiently identify "who" made the statements, "where" the statements were made, and "what" was said in the statements. For those statements not specifying a date, it is reasonable to infer that they were made prior to the film's release because Plaintiffs allege that they read the statements during their research prior to seeing the film. Finally, Plaintiffs allege that each statement is misleading because they lead the public to believe that Defendants train their elephants humanely and without the aid of electric devices or bull hooks. (Compl. ¶ 59.) Taken together, these allegations satisfy the requirements of Rule 9(b).

### C. **Relief**

In their Complaint, Plaintiffs seek (1) restitution; (2) compensatory damages; (3) disgorgement of all profits derived by Defendants from their unlawful acts; (4) injunctive relief; (5) declaratory relief; (6) reasonable attorney's fees; (7) costs; (8) and prejudgment interest. In their Opposition, Plaintiffs state that they do not oppose dismissal of their claims for compensatory damages and disgorgement because they are not recoverable under the UCL or FAL. (Pls.' Opp'n 17-18 n.10.) Awards of attorney's fees, costs, and prejudgement interest are all predicated on success of the underlying claims and the discretion of the Court. The remaining substantive forms of relief sought are restitution, injunctive relief, and declaratory relief. Defendants challenge each of these as inappropriate as a matter of law. The Court agrees.

#### 1. *Restitution*

California Business & Professions Code § 17203 allows courts to "restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition" for violations of the UCL. The same language can be found in California Business & Professions Code § 17535 for the FAL. A restitution order requires that "money or property have been lost by a plaintiff, on the one hand, and that it have been *acquired by a defendant*, on the other." *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 336 (2011) (emphasis added).

Plaintiffs allege that they purchased tickets to see the movie *Water for Elephants*. (Compl. ¶¶ 64-65.) While this expenditure is a recognized loss of money by Plaintiffs, the Complaint fails to allege that Defendants acquired, either directly or indirectly, any portion of the funds expended on the movie tickets. On the face of the Complaint, the Court is unable to infer that Defendants acquired any portion of that money. The link between Plaintiffs' purchase of their movie tickets to the Defendants' compensation is too attenuated. It is not clear what type of payment structure Defendants arrange for their services, and whether that involves income from the sale of future movie tickets. Therefore, Plaintiffs' allegations do not support restitution.

### 2. *Injunctive and Declaratory Relief*

To have standing for injunctive or declaratory relief in federal court, a plaintiff must "demonstrate that [she is] 'realistically threatened by a *repetition* of the violation.'" *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (quoting *Armstrong v. Davis*, 275 F.3d 849, 860-61) (emphasis in original). Further, a plaintiff must show a real and immediate threat of future injury to invoke injunctive and declaratory relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 110 (1983).

The Complaint does not allege that Plaintiffs are realistically threatened by Defendants' future conduct. Plaintiffs simply conclude that "objectionable conduct is likely to occur again in the future." (Compl. ¶ 87.) Only in their Opposition do Plaintiffs clarify the type of future harm they anticipate enduring. There, Plaintiffs allege that they will face future harm by not being able to trust Defendants, and therefore will be unable to see movies starring their elephants. (Pls.' Opp'n at 15.) Plaintiffs allege that they want to watch elephants in movies in the future, but do not allege that they immediately anticipate watching such a movie. This future harm is conjectural and too speculative to satisfy the standing requirements to seek injunctive and declaratory relief in federal court. Therefore, Plaintiffs' allegations do not support injunctive or declaratory relief as a matter of law.

## V. **CONCLUSION**

Although Plaintiffs adequately plead claims under the UCL and FAL, Plaintiffs' allegations fail to support any entitlement to relief with respect to Defendants.

In light of the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**

                                                                                                                                                :

Initials of Preparer    slw